# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| STATE OF WASHINGTON, | No. 59131-6-II |
| --- | --- |
| Respondent, | |
| v. | |
| JOSE BELTRAN RODRIGUEZ, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—While confined at a facility operated by the Washington State Department of Children, Youth, and Families (the Department), Jose Beltran Rodriguez was with a group of youth that began fighting another group of youth within the facility. Rodriguez was charged and convicted of prison riot. Rodriguez appealed his conviction.[1]

On April 25, 2025, the governor signed into law a bill that retroactively changed the definition of "correctional institution" in the prison riot context, expressly excluding facilities operated by the Department. ENGROSSED SUBSTITUTE H.B. 1815, § 1(b), 69th Leg., Reg. Sess. (Wash. 2025). The State immediately submitted a motion to this court for accelerated review and immediate reversal of Rodriguez's prison riot conviction because Rodriguez was not at a "correctional institution" during the events underlying his charge. *Id.* Rodriguez has not objected to this resolution of his appeal.

---

[1] Although Rodriguez was being confined in a facility for youth, he was over 18 years old when this incident occurred. Clerk's Papers (CP) at 20 (reflecting Rodriquez's date of birth in March 2005); CP at 7 (reflecting date of the incident in June 2023).

Because Rodriguez was not at a correctional institution during the events underlying his charge, which is an essential element of prison riot, we grant the motion for accelerated review and reverse. We vacate Rodriguez's conviction. We remove this case from the May 13 oral argument docket. We also order this court's clerk to accelerate the mandate and issue it as soon as possible.

## FACTS

In June 2023, Rodriguez was confined at Green Hill School, which is a facility that houses youth and young adults operated by the Department. Rodriguez was in a group of youth who ran out of a building and began fighting with another group. A staff member "observed punches being thrown" and "grabbed the closest member of the group to him," who was Rodriguez. Clerk's Papers at 12 (Findings of Fact 1.8, 1.9).

The State charged Rodriguez with prison riot under RCW 9.94.010. Rodriguez was convicted and sentenced to one year and one day. Rodriguez timely appealed his conviction and sentence. Rodriguez argued that the prison riot statute was unconstitutional and he claimed that insufficient evidence supported his conviction.

## ANALYSIS

Based on recent changes to the prison riot statute, the State moves for accelerated review and immediate reversal of Rodriguez's conviction and remand for resentencing. The State asks this court to vacate the prison riot conviction and issue the mandate immediately.

Under Washington's prison riot statute,

[w]henever two or more inmates of a *correctional institution* assemble for any purpose, and act in such a manner as to disturb the good order of the institution and contrary to the commands of the officers of the institution, by the use of force or

violence, or the threat thereof, and whether acting in concert or not, they shall be guilty of prison riot.

RCW 9.94.010(1) (emphasis added).

At the time of Rodriguez's conviction, "correctional institution[s]" included facilities operated by the Department. Former RCW 9.94.049(1) (2021). On April 25, 2025, the governor signed into law a bill that excluded facilities operated by the Department from the definition of "correctional institution[s]" in the prison riot context. ENGROSSED SUBSTITUTE H.B. 1815, § 1, 69th Leg., Reg. Sess. (Wash. 2025). The legislature included language in the bill that this change was effective immediately and that it applied retroactively to all prison riot convictions that were charged within five years before April 25, 2025. ENGROSSED SUBSTITUTE H.B. 1815, §§ 6-7, 69th Leg., Reg. Sess. (Wash. 2025).

Rodriguez was convicted of prison riot in November 2023 for events that occurred while he was confined at Green Hill School, which is operated by the Department. Thus, under the new retroactive statute, he was not an inmate at a "correctional institution," which is an essential element of prison riot. Accordingly, we reverse Rodriguez's conviction.

## CONCLUSION

We grant the State's motion to accelerate this appeal. We reverse and vacate Rodriguez's conviction. We remove this case from the May 13 oral argument docket. We direct the clerk of this court to issue the mandate immediately under RAP 12.5(b).

No. 59131-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

LEE, J.